Official Form 1 (4/07)

| United States Bankruptcy Court<br>District of Rhode Island | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Pemental, Christopher B | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all)<br>xxx-xx-4282 | Last four digits of Soc. Sec./Complete EIN or other Tax ID No. (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>66-68 County Road<br>Barrington, RI<br>ZIP Code 02806 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>Bristol | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>P.O. Box 621<br>Warren, RI<br>ZIP Code 02885 | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

### Type of Debtor
(Form of Organization)
(Check one box)

- ■ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check one box)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ■ Other

### Tax-Exempt Entity
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)

- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Nature of Debts
(Check one box)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

### Filing Fee (Check one box)

- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1000-5,000 | 5001-10,000 | 10,001-25,000 | 25,001-50,000 | 100,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| ☐ $0 to $10,000 | ■ $10,001 to $100,000 | ☐ $100,001 to $1 million | ☐ $1,000,001 to $100 million | ☐ More than $100 million |
|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $1 million | ■ $1,000,001 to $100 million | ☐ More than $100 million |
|---|---|---|---|---|

**Official Form 1 (4/07)**                                                                                                    **FORM B1, Page 2**

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Pemental, Christopher B |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed: – None – | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: – None – | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)          (Date) |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Statement by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

Official Form 1 (4/07)                                                                          FORM B1, Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Pemental, Christopher B |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Christopher B Pemental
Signature of Debtor   Christopher B Pemental

**X**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

June 18, 2007
Date

### Signature of Attorney

**X** /s/ Matthew J. McGowan
Signature of Attorney for Debtor(s)

Matthew J. McGowan 2770
Printed Name of Attorney for Debtor(s)

Salter McGowan Sylvia & Leonard, Inc.
Firm Name

321 South Main Street
Suite 301
Providence, RI 02903

Address

(401) 274-0300  Fax: (401) 453-0073
Telephone Number

June 18, 2007
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**
Signature of Foreign Representative

Printed Name of Foreign Representative

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

**X**

Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Official Form 1, Exhibit D (10/06)

# United States Bankruptcy Court
### District of Rhode Island

In re    Christopher B Pemental _____    Case No. _____

_____ Debtor(s)    Chapter    7 _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* _____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

**Official Form 1, Exh. D (10/06) - Cont.**

☐   4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐   Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐   Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐   Active military duty in a military combat zone.

☐   5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:      /s/ Christopher B Pemental
                            Christopher B Pemental

Date:    June 18, 2007

Form 6-Summary (10/06)

# United States Bankruptcy Court
### District of Rhode Island

In re    Christopher B Pemental                                          ,    Case No. _____
                                    Debtor

                                                                    Chapter_____7_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A,
B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.
Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must
also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 4 | 15,421.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 2,135,643.96 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 1,462.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 16 | | 284,266.09 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I -  Current Income of Individual Debtor(s) | Yes | 2 | | | 5,416.51 |
| J -  Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 25,580.17 |
| Total Number of Sheets of ALL Schedules | | 31 | | | |
| | Total Assets | | 15,421.00 | | |
| | | Total Liabilities | | 2,421,372.05 | |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                        Best Case Bankruptcy

Official Form 6 - Statistical Summary (10/06)

# United States Bankruptcy Court
### District of Rhode Island

In re    Christopher B Pemental                          ,      Case No. _____

                             Debtor                        Chapter _____ 7 _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

Form B6A
(10/05)

In re    Christopher B Pemental                                    ,    Case No. _____
                                                    Debtor

# SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| None | | | | |

|  | Sub-Total > | 0.00 | (Total of this page) |
|---|---|---|---|
|  | Total > | 0.00 | |

___0___ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6B
(10/05)

In re    Christopher B Pemental                              ,    Case No. _____
                                    Debtor

# SCHEDULE B. PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
In providing the information requested in this schedule, do not include the name or address of a minor child.  Simply state "a minor child."

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | Cash on hand. | – | 100.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Savings Account with St. Anne's Credit Union of Fall River | – | 5.00 |
| | | | Checking Account with Soverign Bank | – | 76.00 |
| | | | Savings Account with Sovereign Bank | – | 190.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | Misc. household goods and furnishings. | – | 2,500.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | | Misc. Clothing. | – | 500.00 |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | | Digital Camera | – | 50.00 |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Insurance Policy - Term - no cash value. | – | 0.00 |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

|  | Sub-Total > | 3,421.00 |
|---|---|---|
| | (Total of this page) | |

___3___  continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Form B6B
(10/05)

In re    Christopher B Pemental                                          ,    Case No. _____
                                                        Debtor

# SCHEDULE B. PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | (Approximately $15,000 of vested and non-vested 401(k) monies.  For information purposes only) | – | 0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | | Barrington Historical Society, LLC<br>Barrington Preservation Foundation, LLC<br>Barrington Society, LLC<br>East Bay Restoration Foundation, LLC<br>Barrington Organization, LLC<br>West Bay Restoration Foundation, LLC<br>Rhode Island Restoration Foundation, LLC<br>Barrington Restoration Foundation, LLC<br>Edgewood Restoration Foundation, LLC<br>Barrington Foundation LLC<br>Barrington Historial Foundation, LLC<br>Eastbay Mgmt. Foundation, LLC<br>Bristol Restoration Foundation, LLC<br>Bristol Preservation Foundation, LLC | – | 0.00 |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |

Sub-Total >        0.00
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                          Best Case Bankruptcy

Form B6B
(10/05)

In re   Christopher B Pemental _____,   Case No. _____

                                    Debtor

# SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | RI and MA pharmacy license | – | Unknown |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1957 Plymouth - Belvedere - 2 Door - Left at foreclosed property | – | 0.00 |
| | | 1958 Plymouth Classic | – | 8,000.00 |
| | | 1957 Plymouth Convertible - 2 Door (poor condition) | – | 0.00 |
| | | 1958 Plymouth Station wagon (poor condition) | – | 2,000.00 |
| | | 1949 Mercury 2 Door | – | 0.00 |
| | | 1999 Chrysler Concord 4 Door (poor condition) | – | 2,000.00 |

Sub-Total >        12,000.00
(Total of this page)

Sheet  2   of  3   continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6B
(10/05)

In re    Christopher B Pemental                                                    ,    Case No. _____
                                                    Debtor

# SCHEDULE B. PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | 1957 Chevy and 1958 Plymouth (poor condition). Actually owned by Father since 1977 and 2002; disclosed for information purposes only. | – | 0.00 |
| | | Some miscellaneous parts for vehicles, at different locations. Amount unknown. Also, certain car parts were purchased by father through Debtor's account. Occasionally will drive mother or father's cars. | – | Unknown |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >            0.00
(Total of this page)
Total >        15,421.00

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Form B6C
(4/07)

In re    Christopher B Pemental                 ,    Case No. _____

                                 Debtor

# SCHEDULE C. PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:       ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                     $136,875.
■ 11 U.S.C. §522(b)(2)
☐ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| Cash on hand. | 11 U.S.C. § 522(d)(5) | 100.00 | 100.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Savings Account with St. Anne's Credit Union of Fall River | 11 U.S.C. § 522(d)(5) | 5.00 | 5.00 |
| Savings Account with Sovereign Bank | 11 U.S.C. § 522(d)(5) | 190.00 | 190.00 |
| **Household Goods and Furnishings** | | | |
| Misc. household goods and furnishings. | 11 U.S.C. § 522(d)(3) | 2,500.00 | 2,500.00 |
| **Wearing Apparel** | | | |
| Misc. Clothing. | 11 U.S.C. § 522(d)(5) | 500.00 | 500.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| Digital Camera | 11 U.S.C. § 522(d)(5) | 50.00 | 50.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 1957 Plymouth - Belvedere - 2 Door - Left at foreclosed property | 11 U.S.C. § 522(d)(2) | 2,000.00 | 0.00 |
| 1958 Plymouth Classic | 11 U.S.C. § 522(d)(1) | 8,000.00 | 8,000.00 |
| 1958 Plymouth Station wagon (poor condition) | 11 U.S.C. § 522(d)(1) | 2,000.00 | 2,000.00 |

                                      Total:       15,345.00       13,345.00

___0___ continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                 Best Case Bankruptcy

Official Form 6D (10/06)

In re  Christopher B Pemental                                    ,  Case No. _____
                                  Debtor

# SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. xxxxxxxxx8314 | | | | April 2005 | | | | | |
| Americas Servicing Co 7485 New Horizon Way Frederick, MD 21703 | | | – | Mortgage East Bay Restoration Foundation, LLC 14-16 Union Street Warren, RI | | | | | |
| | | | | Value $              260,000.00 | | | | 379,789.39 | 119,789.39 |
| Account No. xxxxxx170-1 | | | | May 2003 | | | | | |
| Citimortgage, Inc. P.O. Box 689196 Des Moines, IA 50368-9196 | | | – | First Mortgage Barrington Preservation Foundation 75 Charles Street Bristol, RI | | | | | |
| | | | | Value $              315,000.00 | | | | 224,858.04 | 0.00 |
| Account No. xxxx6167 | | | | Opened 10/27/04 | | | | | |
| Countrywide 450 American St Simi Valley, CA 93065 | | | – | Revolving - Second Mortgage Barrington Preservation Foundation, LLC 17-19 Stanley Avenue Barrington, RI  02806 | | | | | |
| | | | | Value $              365,000.00 | | | | 22,500.00 | 0.00 |
| Account No. xxxxxxxxx9111 | | | | September 2004 | | | | | |
| First Horizon Home Loan 4000 Horizon Way Irving, TX 75063 | | | – | Mortgage Barrington Preservation Foundation, LLC 17-19 Stanley Avenue Barrington, RI | | | | | |
| | | | | Value $              365,000.00 | | | | 315,000.00 | 0.00 |
|  1  continuation sheets attached | | | | Subtotal (Total of this page) | | | | 942,147.43 | 119,789.39 |

Official Form 6D (10/06) - Cont.

In re   Christopher B Pemental                          ,   Case No. _____
                            Debtor

# SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxx8091 | | | September 2004 | | | | | |
| First Horizon Home Loan 4000 Horizon Way Irving, TX 75063 | | – | First Mortgage Barrington Historical Society, LLC 68-68 Country Road Barrington, RI | | | | | |
| | | | Value $         399,000.00 | | | | 361,724.97 | 0.00 |
| Account No. xxxxxxxx6399 | | | September 2004 | | | | | |
| Green Point Savings 4160 Main Street Flushing, NY 11355 | | – | Mortgage Barrington Society, LLC Property at 193 Sowams Rd., Barrington, RI | | | | | |
| | | | Value $         Unknown | | | | 338,980.00 | Unknown |
| Account No. xxxxxxxx6407 | | | September 2004 | | | | | |
| Green Point Savings 4160 Main Street Flushing, NY 11355 | | – | Second Mortgage Barrington Society, LLC | | | | | |
| | | | Value $         Unknown | | | | 42,888.00 | Unknown |
| Account No. xxxxxxxx0008 | | | September 2005 | | | | | |
| Option One Mortgage 3 Ada Way Irvine, CA 92618 | | – | Mortgage 77-79 Bay View Avenue, Bristol | | | | | |
| | | | Value $         325,000.00 | | | | 407,814.00 | 82,814.00 |
| Account No. xx0251 | | | May 2003 | | | | | |
| Wilshire Credit Corp. P.O. Box 7195 Pasadena, CA 91109-7195 | | – | Second Mortgage Barrington Preservation Foundation, LLC 75 Charles Street Bristol, RI | | | | | |
| | | | Value $         315,000.00 | | | | 42,089.56 | 0.00 |

| | | |
|---|---|---|
| Sheet _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Secured Claims | Subtotal (Total of this page) | 1,193,496.53 | 82,814.00 |
| | Total (Report on Summary of Schedules) | 2,135,643.96 | 202,603.39 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Official Form 6E (4/07)

In re    Christopher B Pemental                                    ,    Case No. _____
                        Debtor

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trust or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                                        _____1_____    continuation sheets attached

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                        Best Case Bankruptcy

Official Form 6E (4/07) - Cont.

In re   Christopher B Pemental                                   ,    Case No. _____
                                    Debtor

## SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Taxes and Certain Other Debts
Owed to Governmental Units

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. xxxx1171<br><br>City of East Providence<br>145 Taunton Avenue<br>East Providence, RI<br>02914-4505 | | – | 2006<br><br>Possible obligation through Barrington Restoration Foundation, LLC | | | | Unknown | Unknown | 0.00 |
| Account No. xxxxxxx4001<br><br>City of Providence<br>Tax Collector<br>P.o. Box 203<br>Providence, RI 02901-0203 | | – | 2005<br><br>Possible obligation through R.I. Restoration Foundation, LLC. for property at 25 Zella Street, Providence, RI | | | | 1,462.00 | 1,462.00 | 0.00 |
| Account No. 4282<br><br>R.I. Division of Taxation<br>Bankruptcy Unit<br>One Capitol Hill<br>Providence, RI 02908 | | – | 2005<br><br>Taxes | | | | Unknown | Unknown | 0.00 |
| Account No. xxxxxx0650<br><br>Town of Barrington<br>283 County Road<br>Barrington, RI 02806 | | – | 2006 - 2005<br><br>Real Estate taxes Possible obligations thorugh Barrington Foundation | | | | Unknown | Unknown | 0.00 |
| Account No. | | | | | | | | | |

Sheet  1  of  1  continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | 1,462.00 | 1,462.00<br>0.00 |
| Total<br>(Report on Summary of Schedules) | 1,462.00 | 1,462.00<br>0.00 |

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037

Official Form 6F (10/06)

In re    Christopher B Pemental                              ,    Case No. _____
                                    Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. 77<br><br>Alexander Nicoll<br>Jacob Silberstein<br>77 Bay View Avenue<br>Bristol, RI 02809 | | – | | 2005<br>Tenant - For Notice Purposes Only | | | | 0.00 |
| Account No. xxxxxxxx3283<br><br>Americas Servicing Co<br>7485 New Horizon Way<br>Frederick, MD 21703 | | – | | Opened  9/16/05  Last Active 5/16/06<br>Possible obligation through Barrington Foundation, LLC for property at<br>311 Maple Avenue, Barrington | | | | Unknown |
| Account No. xxxxxxxx0139<br><br>Americas Servicing Co<br>7485 New Horizon Way<br>Frederick, MD 21703 | | – | | June 2004<br>Possible obligation through Barrington Organization, LLC for property at 243 Maple Avenue, Barrington, RI | | | | Unknown |
| Account No. xxxxxxxx0138<br><br>Americas Servicing Co<br>7485 New Horizon Way<br>Frederick, MD 21703 | | – | | June 2004<br>Possible obligation through Barrington Historical Foundation, LLC for property located at 241 Maple Avenue, Barrington, RI | | | | Unknown |

|  |  |
|---|---|
| __15__   continuation sheets attached | Subtotal<br>(Total of this page)     0.00 |

Official Form 6F (10/06) - Cont.

In re     Christopher B Pemental                                    ,          Case No. _____
                                    Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. xx7-159<br><br>Atlantis Landscaping Inc.<br>P.O. Box 7861<br>Warwick, RI 02887 | | – | | 2006<br>Possible obligation through West Bay Restoration Foundation LLC | | | | Unknown |
| Account No. 0773<br><br>Bank of America<br>P.O. Box 15726<br>Wilmington, DE 19886-5726 | | – | | Opened  8/10/95  Last Active 6/29/06<br>Credit card purchases | | | | 46,125.46 |
| Account No. xxx xxxxx xx76 80<br><br>Bank of America<br>P.O. Box 15102<br>Wilmington, DE 19886-5102 | | – | | 2004<br>Credit card purchases | | | | 26,152.46 |
| Account No. Dx3272B<br><br>Bristol County Water Authority<br>450 Child Street<br>P.O. Box 447<br>Warren, RI 02885-0447 | | – | | 2005<br>Possible obligation through Bristol Restoration Foundation, LLC. for propoerty at 77 Bayview Avenue in Bristol, RI | | | | Unknown |
| Account No. xxxxxxxxxxxx7110<br><br>Chase<br>Cardmember Service<br>P.o. Box 15153<br>Wilmington, DE 19886-5153 | | – | | Opened  4/10/06  Last Active 7/06/06<br>Credit card purchases | | | | 51,943.77 |

Sheet no. _1__ of _15_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

124,221.69

Official Form 6F (10/06) - Cont.

In re   Christopher B Pemental                              ,    Case No. _____
                                    Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxx-xxxx-xxxx-2311<br><br>Chase<br>Cardmember Service<br>P.O. Box 15153<br>Wilmington, DE 19886-5153 | | – | 2005-2006<br>Credit card purchases | | | | 5,156.13 |
| Account No. xxxx-xxxx-xxxx-5720<br><br>Chase<br>Cardmember Service<br>P.o. Box 15153<br>Wilmington, DE 19886-5153 | | – | 2002<br>Possible obligation through Barrington Society, LLC | | | | Unknown |
| Account No. cp<br><br>Chi Kio Chan<br>14 Union Street<br>Warren, RI 02885 | | – | Verbal Lease w/ Debtor for Mercedes 500 | | | | Unknown |
| Account No. 6668<br><br>Christine Leonard<br>66 -68 County Road<br>Barrington, RI 02806 | | – | 2006<br>For Notice Purposes Only | | | | 0.00 |
| Account No. xxxxxxxxxxx6001<br><br>Cox Communications, Inc.<br>P.O. Box 39<br>Newark, NJ 07101-0039 | | – | 2006<br>Cable and Internet Services | | | | 532.90 |

Sheet no. _2_ of _15_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)            5,689.03

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                              Best Case Bankruptcy

Official Form 6F (10/06) - Cont.

In re   Christopher B Pemental                              ,          Case No. _____
                                                          Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| **Account No.** xxxx4720 <br><br> Credit Union Central Falls <br> 1005 Douglas Pike <br> Smithfield, RI 02917 | | – | | Opened 12/11/03  Last Active 8/08/06 <br> Balance after repossession of 2002 MB | | | | 3,327.02 |
| **Account No.** xx7-159 <br><br> Criterium Angilly Engineers <br> P.O. Box 1755 <br> East Greenwich, RI 02818 | | – | | 2006 <br> Possible obligation through Edgewood Restoration Foundation, LLC | | | | Unknown |
| **Account No.** 84-86 <br><br> D.A. Tillery <br> Kristen Scott-Tillery <br> 84-86 Washburn Avenue <br> East Providence, RI 02914 | | – | | 2006 <br> Tenant - For Notice Purposes Only | | | | 0.00 |
| **Account No.** 193 <br><br> David R. Petrarca Jr. <br> 193 Sowams Road, <br> 3rd Floor <br> Barrington, RI 02806 | | – | | August 2006 <br> Tenant - 193  Sowams Road | | | | 0.00 |
| **Account No.** xx-0045 <br><br> David S. Slepkow, Esq. <br> Slepkow Slepkow & Assoc. <br> 1481 Wampanoag Trail <br> Riverside, RI 02915-1071 | | – | | August 2006 <br> Legal Services Rendered for Eviction Process | | | | 455.00 |

Sheet no. _3___ of _15__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    3,782.02

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                              Best Case Bankruptcy

Official Form 6F (10/06) - Cont.

In re    Christopher B Pemental                                          ,    Case No. _____
                                   Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. 2005<br><br>David Seddon<br>100 Greenwood Avenue<br>Rumford, RI 02916 | | – | | | 2005<br>Electrical Services Rendered | | | | Unknown |
| Account No. 56<br><br>Diamond Star Realty & Property Management, inc.<br>1062 Reservoir Avenue<br>Cranston, RI 02910 | | – | | | 2006<br>Possible obligation through West Bay Restoration | | | | Unknown |
| Account No. xxxx6899<br><br>East Providence Fire & Rescue<br>c/o Rossi Law Offices Ltd.<br>P.O. Box 17339<br>Smithfield, RI 02917-0704 | | – | | | July 2005<br>Medical Emergency Services | | | | 374.00 |
| Account No. xxxxxxxx1317<br><br>EMC Mortgage<br>P.O. Box 141358<br>Irving, TX 75014 | | – | | | June 2004<br>Possible obligation through Barrington Organization, LLC for property located at 243 Maple Avenue, Barrington, RI | | | | Unknown |
| Account No. xxxxxxxx1275<br><br>EMC Mortgage<br>P.O. Box 141358<br>Irving, TX 75014 | | – | | | June 2004<br>Possible obligation through Barrington Historial Foundation, LLC for property located at 241 Maple Avenue, Barrington, RI | | | | Unknown |

Sheet no. __4__ of __15__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    374.00

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Official Form 6F (10/06) - Cont.

In re    Christopher B Pemental                                                            , Case No. _____
                                        Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xx5530 <br><br> Griggs & Browne <br> 175 Niantic Avenue <br> Providence, RI 02907-3189 | – | | 2005 <br> Possible obligation through Barrington Historical Foundation, LLC | | | | Unknown |
| Account No. 311M <br><br> Hilary A. Wyche, Esq. <br> Harmon Law Offices, P.C. <br> 150 California Street <br> Newton Highlands, MA 02461-0389 | – | | 2006 <br> Possible obligation through LLC for property at 311 Maple Avenue in Barrington, RI | | | | 0.00 |
| Account No. 1719 <br><br> James and Deborah Higgins <br> 17-19 Stanley Avenu <br> Barrington, RI 02806 | – | | 2005 <br> For Notice Purposes Only | | | | 0.00 |
| Account No. xxx8842 <br><br> Jim Swindells <br> 25 Zella Street <br> 1st Floor <br> Providence, RI 02909 | – | | 2005 <br> Tenant - For Notice Purposes Only | | | | 0.00 |
| Account No. 311-2 <br><br> John Frenchy <br> 311 Maple Avenue <br> 2nd Fl. <br> Barrington, RI 02806 | – | | 2006 <br> Tenant - For Notice Purposes Only | | | | 0.00 |

Sheet no. __5__ of __15__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    0.00

Official Form 6F (10/06) - Cont.

In re   Christopher B Pemental                                    ,      Case No. _____
                              Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. x2809<br><br>John Pemental<br>13 Verdi Lane<br>Bristol, RI 02809 | – | | | 2004<br>Various loans and advances from Father.  Approximate amount. | | | | 100,000.00 |
| Account No. 1719<br><br>Kate Mele<br>17-19 Stanley Avenue<br>Barrington, RI 02806 | – | | | 2005<br>For Notice Purposes Only | | | | 0.00 |
| Account No. 241-2<br><br>Kevin Silva<br>Nicholas Macedonio<br>241 Maple Avenue, 2nd Floor<br>Barrington, RI 02806 | – | | | 2006<br>Tenant - For Notice Purposes Only | | | | 0.00 |
| Account No. 1955<br><br>Kitchens Direct, Inc.<br>684 Willett Avenue<br>Riverside, RI 02915 | – | | | June 2006<br>Possible obligation through Barington Society LLC | | | | 0.00 |
| Account No. 6668<br><br>Kristen & Michael McMillen<br>66-68 County Road<br>Barrington, RI 02806 | – | | | 2006<br>For Notice Purposes Only | | | | 0.00 |

Sheet no. __6__ of __15__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          100,000.00

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Official Form 6F (10/06) - Cont.

In re    Christopher B Pemental                                                ,        Case No. _____
                                                        Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| **Account No.** 75-2<br><br>Laura Trecka<br>75 Charles Street<br>2nd Floor<br>Bristol, RI 02809 | – | | | 2004<br>Tenant - For Notice Purposes Only | | | | 0.00 |
| **Account No.** x4-16-3<br><br>Lauren Huff<br>Charles Bullen<br>14-16 Union Street<br>Warren, RI 02885 | – | | | 2005<br>Tenant - For Notice Purposes Only | | | | 0.00 |
| **Account No.** xxxxxxxxxx7847<br><br>Lowes/mbga<br>P.O. Box 530914<br>Atlanta, GA 30353-0914 | – | | | Opened 11/29/01   Last Active 6/30/06<br>Charge Account | | | | 4,952.00 |
| **Account No.** xxxx235-6<br><br>Lynch Beretta Bucci<br>355 Main Street<br>Pawtucket, RI 02860 | – | | | 2006<br>Possible obligation through West Bay Restoration Foundation LLC | | | | Unknown |
| **Account No.** xxx-140-2<br><br>Mark Menzies<br>Ryan Berrigan<br>138-140 Waite Avenue, 2nd Fl.<br>Cranston, RI 02920 | – | | | 2006<br>Tenant - For Notice Purposes Only | | | | 0.00 |

Sheet no. __7__ of __15__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                4,952.00

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                Best Case Bankruptcy

Official Form 6F (10/06) - Cont.

In re    Christopher B Pemental                          ,    Case No. _____

Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xx9444<br><br>Michael Malafonte<br>LM Lawncare<br>20 Callander Avenue<br>East Providence, RI 02914 | – | | 2005<br>Lawn care services | | | | Unknown |
| Account No. xxxxxxxxxx7680<br><br>Monogram Bank N America<br>MBNA America<br>P.O. Box 15102<br>Wilmington, DE 19886-5102 | – | | Opened  3/01/06  Last Active 7/03/06<br>Line of Credit | | | | 25,389.73 |
| Account No. 193sr<br><br>Mr. and Mrs. Arnold Lundy<br>193 Sowams Road<br>Barrington, RI 02806 | – | | 2005<br>For Notice Purposes Only | | | | 0.00 |
| Account No.<br><br>Mr. James McQueeney<br>14-16 Union Street<br>Warren, RI | – | | | | | | 0.00 |
| Account No. xxxxxxxxxx8009<br><br>Narragansett Electric<br>c/o Solomon and Solomon PC<br>Columbia Circle, Box 15019<br>Albany, NY 12212-5019 | – | | Opened  6/07/06  Last Active 7/01/06<br>Collection Narragansett Electric | | | | 267.33 |

Sheet no.  8    of  15   sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

25,657.06

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                          Best Case Bankruptcy

Official Form 6F (10/06) - Cont.

In re  Christopher B Pemental                                        ,  Case No. _____
                              Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxxxxxxxxxxxx8838<br><br>National Grid<br>P.O. Box 1048<br>Woburn, MA 01807-1048 | | – | | 2006<br>Possible obligations through Barrington Foundation, LLC and East Bay Restoration, LLC . | | | | Unknown |
| Account No. xxxxxxxxxxxxxxx5344<br><br>National Grid<br>P.O. Box 1048<br>Woburn, MA 01807-1048 | | – | | December 2006<br>Gas Services | | | | 509.27 |
| Account No. xxxxx xxx50 24<br><br>National Grid<br>P.O. Box 0049<br>Woburn, MA 01807-0049 | | – | | 2007<br>Electric Services for property located at 68 County Road in Barrington, RI | | | | 566.76 |
| Account No. xxxx47-20<br><br>Navigant Credit Union<br>c/o Nicholas Barrett & Assoc.<br>999 South Broadway<br>East Providence, RI 02914 | | – | | December 2003<br>Loan | | | | 8,561.63 |
| Account No. xxxxxxx177-9<br><br>NEBS<br>500 Main Street<br>Groton, MA 01471 | | – | | 2006<br>Goods and Supplies | | | | 809.68 |

Sheet no. __9__ of __15__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)  |  10,447.34

Official Form 6F (10/06) - Cont.

In re      Christopher B Pemental                          ,      Case No. _____
                                                    Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxxxxxxx7873<br><br>New England Gas Company<br>P.o. Box 17528<br>Baltimore, MD 21297-1528 | – | | | 2006<br>Possible obligation through East Bay Restoration Foundation LLC for property at 14-16 Union Street, Warren | | | | Unknown |
| Account No. xxxxxxxxx-xx-0017<br><br>New England Gas Company<br>c/o Stevens Business Service<br>92 Bolt Street, Suite 1<br>Lowell, MA 01853-1233 | – | | | 2005<br>Gas Services | | | | 172.44 |
| Account No. xxxxxxxxx6065<br><br>Option One Mortgage Co<br>P.O. Box 44042<br>Jacksonville, FL 32231-4042 | | | | Opened 1/20/06 Last Active 5/15/06<br>Possible obligation through R.I. Restoration Foundation, LLC for property located at 25 Zella Street<br>Providence, RI | | | | Unknown |
| Account No. xxxxxxxxx4771<br><br>Option One Mortgage Co<br>P.O. Box 44042<br>Jacksonville, FL 32231-4042 | – | | | Opened 1/20/06 Last Active 5/15/06<br>Possible obligation throughWest Bay Restoration Foundation, LLC<br>138-140 Waite Avenue<br>Cranston, RI | | | | Unknown |
| Account No. x5111<br><br>Paul Charpentier<br>25 Zella Street<br>1st Floor<br>Providence, RI 02909 | – | | | 2005<br>Tenant - For Notice Purposes Only | | | | 0.00 |

Sheet no. __10__ of __15__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)        172.44

Official Form 6F (10/06) - Cont.

In re  Christopher B Pemental                                    ,          Case No. _____
_____
                              Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. xxxxxxxxxxx3094 | | | | | 2006 Credit card purchases | | | | |
| Paypal Buyer Credit P.O. Box 960080 Orlando, FL 32896-0080 | | | – | | | | | | 453.21 |
| Account No. xxxx0829B | | | | | 2006 Possible obligation through West Bay Restoration Foundation | | | | |
| Providence Water P.O. Box 1456 Providence, RI 02901-1456 | | | – | | | | | | Unknown |
| Account No. SOa01no | | | | | 2006 Subscription | | | | |
| Reason P.O. Box 526 Mount Morris, IL 61054 | | | – | | | | | | Unknown |
| Account No. x8888 | | | | | 2006 Tenant - For Notice Purposes only | | | | |
| Rebecca M. Robinson 16 Union Street 2nd Floor Warren, RI 02885 | | | – | | | | | | 0.00 |
| Account No. xxx0305 | | | | | 2005 ER Medical Services | | | | |
| Rhode Island Hospital 593 Eddy Street Providence, RI 02903 | | | – | | | | | | 100.00 |

Sheet no. __11__ of __15__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                        553.21

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

Official Form 6F (10/06) - Cont.

In re __Christopher B Pemental_____,          Case No. _____

Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | JC | | | | | |
| Account No. 75 Robin Stone Melanie Snow 75 Charles Street, 1st Fl. Bristol, RI 02809 | – | | | | 2005 Tenant - For Notice Purposes Only | | | | 0.00 |
| Account No. 79 Sara Pernice Jennifer Dill 79 Bay View Avenue Bristol, RI 02809 | – | | | | 2005 Tenant - For Notice Purposes Only | | | | 0.00 |
| Account No. 77 Sarah Bitler Alexander Ruggeri 77 Bay View Avenue Bristol, RI 02809 | – | | | | 2005 Tenant - For Notice Purposes Only | | | | 0.00 |
| Account No. xxxxxx4777 Saxon Mortgage Service P.O. Box 96115 Fort Worth, TX 76161-0105 | – | | | | November 2004 Possible obligation through Barrington Restoration Foundation for property located at 84-86 Washburn Avenue East Providence, RI 02916 | | | | Unknown |
| Account No. xxxxxx4778 Saxon Mortgage Service P.O. Box 961105 Fort Worth, TX 76161-0105 | – | | | | November 2004 Possible obligation through Barrington Restoration Foundation for property located at 84-86 Washburn Avenue East Providence, RI | | | | Unknown |

Sheet no. __12__ of __15__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                0.00

Official Form 6F (10/06) - Cont.

In re  Christopher B Pemental
_____,     Case No. _____
                              Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 12<br><br>Scientific American<br>P.O. Box 3186<br>Harlan, IA 51593-0377 | - | | 2006<br>Subscription | | | | 24.97 |
| Account No. xx-0594<br><br>Slepkow & Slepkow Assoc Inc.<br>1481 Wampanoag Trail<br>Riverside, RI 02915-1071 | - | | November 2006<br>Legal Services relative to Eviction | | | | 250.00 |
| Account No. 43600076103<br><br>Sovereign Bank<br>P.O. Box 12646<br>Reading, PA 19612 | - | | 2005<br>Possible obligation through Bristol Restoration Foundation LLC | | | | 0.00 |
| Account No. 2431<br><br>Stephen Brown<br>Paul Drukker<br>243 Maple Avenue, 1st Floor<br>Barrington, RI 02806 | - | | 2005<br>Tenant - For Notice Purposes Only | | | | 0.00 |
| Account No. x4-16-2<br><br>Tammy McCrohan<br>14-16 Union Street<br>Warren, RI 02885 | - | | 2005<br>Tenant - For Notice Purposes Only | | | | 0.00 |

Sheet no. _13_ of _15_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

274.97

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

Official Form 6F (10/06) - Cont.

In re    Christopher B Pemental                                    ,        Case No. _____
                                                    Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxx4102<br><br>The Providence Journal Company<br>P.O. Box 81036<br>Woburn, MA 01813-1036 | – | | 2006<br>Possible obligation through Bristol Restoration Foundation for property at 77 Bayview Avenue, Bristol, RI | | | | Unknown |
| Account No. CPP xxxxx22 01<br><br>The Providence Mutual Fire Ins<br>P.O. Box 6066<br>Providence, RI 02940-6066 | – | | Sept. 2006<br>Possible obligation through Barrrington Restoration Foundation, LLC | | | | 0.00 |
| Account No. xxx4310<br><br>Town of Barrington<br>Minimum Housing Inspector<br>Barrington, RI 02806 | – | | October 2006<br>Possible obligation through Barrington Organization LLC for Violation | | | | 0.00 |
| Account No. x3419<br><br>Tuire Valkeakari<br>25 Zella Street<br>2nd Floor<br>Providence, RI 02909 | – | | 2005<br>Tenant - For Notice Purposes Only | | | | 0.00 |
| Account No. xxxxx2821<br><br>U.S. Dept Of Education<br>501 Bleecker St<br>Utica, NY 13501 | | | Opened  9/26/97  Last Active 5/01/06<br>Educational | | | | 7,048.59 |

Sheet no. __14__ of __15__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)         7,048.59

Official Form 6F (10/06) - Cont.

In re ___Christopher B Pemental_____,    Case No. _____
                                    Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxxxx0050<br><br>Verizon<br>P.O. Box 1<br>Worcester, MA 01654-0001 | | – | 2006<br>Phone | | | | 22.94 |
| Account No. xxxxx0263<br><br>Verizon Wireless<br>P.O. Box 15023<br>Worcester, MA 01615-0023 | | – | Opened  7/01/05  Last Active 4/01/06<br>Wireless Services | | | | 1,070.80 |
| Account No. xxx 17-19<br><br>Woods Heating Service<br>c/o Robert R. Nocera, Esq.<br>225 East Avenue<br>Pawtucket, RI 02860 | | – | 2006<br>Possible obligation for heating oil delivered to properties owned by Barrington Society, LLC and Bristol Restoration Foundation LLC | | | | Unknown |
| Account No. 2531<br><br>Yan Cheng<br>Dong Ling Chen<br>243 Maple Avenue, 1st Fl.<br>Barrington, RI 02806 | | – | 2005<br>Tenant - For Notice Purposes Only | | | | 0.00 |
| Account No. | | | | | | | |

| | | |
|---|---|---|
| Sheet no. _15_ of _15_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal<br>(Total of this page) | 1,093.74 |
| | Total<br>(Report on Summary of Schedules) | 284,266.09 |

Form B6G
(10/05)

In re ___Christopher B Pemental_____,      Case No. _____
                                    Debtor

# SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. § 112; Fed.R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| Chi Kio Chan<br>14 Union Street<br>Warren, RI 02885 | Verbal Lease w/Debtor for Mercedes 500 for her net lease amount. |
| John Pemental<br>13 Verdi Lane<br>Bristol, RI 02809 | Verbal Lease for 1957 Chevy |

___0___ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                    Best Case Bankruptcy

Form B6H
(10/05)

In re    Christopher B Pemental                                              ,          Case No. _____
                                          Debtor

# SCHEDULE H. CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

___0___  continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2007 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                  Best Case Bankruptcy

Official Form 6I (10/06)

In re   Christopher B Pemental                                    Case No. _____
                        Debtor(s)

## SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Single | RELATIONSHIP(S): None. | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Pharmacist | |
| Name of Employer | Hannaford Bros. Co. | |
| How long employed | 1 1/2 years | |
| Address of Employer | P.O. Box 972 Portland, ME 04104 | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 7,960.33 | $ N/A |
| 2. Estimate monthly overtime | $ 0.00 | $ N/A |
| 3. SUBTOTAL | $ 7,960.33 | $ N/A |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 2,450.02 | $ N/A |
| b. Insurance | $ 0.00 | $ N/A |
| c. Union dues | $ 0.00 | $ N/A |
| d. Other (Specify)    See Detailed Income Attachment | $ 503.80 | $ N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 2,953.82 | $ N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 5,006.51 | $ N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ N/A |
| 8. Income from real property | $ 0.00 | $ N/A |
| 9. Interest and dividends | $ 0.00 | $ N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ N/A |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 12. Pension or retirement income | $ 0.00 | $ N/A |
| 13. Other monthly income (Specify): Occasional distributions from LLC real estate entities | $ 410.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 410.00 | $ N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 5,416.51 | $ N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | $ 5,416.51 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

Official Form 6I (10/06)

In re    Christopher B Pemental                                        Case No. _____

                                    Debtor(s)

## SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
### Detailed Income Attachment

**Other Payroll Deductions:**

| | | | |
|---|---|---|---|
| Dental B | $ | 13.00 | $ | N/A |
| Empire BC  Co-Pay | $ | 93.17 | $ | N/A |
| 401(k) Deductions | $ | 397.63 | $ | N/A |
| **Total Other Payroll Deductions** | $ | 503.80 | $ | N/A |

Official Form 6J (10/06)

In re    Christopher B Pemental                                                    Case No. _____
                                    Debtor(s)

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,200.00 |
| a. Are real estate taxes included?             Yes _____   No __X__ | | |
| b. Is property insurance included?             Yes _____   No __X__ | | |
| 2. Utilities:       a. Electricity and heating fuel | $ | 90.00 |
| b. Water and sewer | $ | 20.00 |
| c. Telephone | $ | 0.00 |
| d. Other  Cell Phone - Mobile / Internet | $ | 178.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 120.00 |
| 4. Food | $ | 1,500.00 |
| 5. Clothing | $ | 400.00 |
| 6. Laundry and dry cleaning | $ | 70.00 |
| 7. Medical and dental expenses | $ | 20.00 |
| 8. Transportation (not including car payments) | $ | 973.66 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 200.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 120.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)  Vehicle Excise Taxes | $ | 29.16 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other  Lease 1957 Chevy paid to Father and leasing | $ | 700.00 |
| c. Other | $ | 0.00 |
| d. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other  School Loan | $ | 60.00 |
| Other  Average Monthly Property Expenses | $ | 19,899.35 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 25,580.17 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.    Average monthly income from Line 15 of Schedule I | $ | 5,416.51 |
| b.    Average monthly expenses from Line 18 above | $ | 25,580.17 |
| c.    Monthly net income (a. minus b.) | $ | -20,163.66 |

Official Form 6-Declaration. (10/06)

# United States Bankruptcy Court
### District of Rhode Island

In re  Christopher B Pemental _____  Case No. _____

_____

Debtor(s)     Chapter    7  _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of
_____33_____ sheets *[total shown on summary page plus 2]*, and that they are true and correct to the best of my
knowledge, information, and belief.

Date  June 18, 2007 _____     Signature   /s/ Christopher B Pemental _____
                                                     Christopher B Pemental
                                                     Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Official Form 7
(04/07)

# United States Bankruptcy Court
## District of Rhode Island

In re    Christopher B Pemental                   Case No. _____

                       Debtor(s)             Chapter    7

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

**1. Income from employment or operation of business**

None

☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $45,591.59 | 2007 Income through May 23, 2007 |
| $103,884.07 | 2006 Income |
| $66,240.00 | 2005 Income |

2

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $15,000.00 | Net Rental Income from Properties (approximate) |
| $8,332.00 | 2/14/07 Federal Income Tax Refund |
| $1,121.00 | 2/20/07 State Income Tax Refund |

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| CitiMortgage, Inc.<br>P.O. Box 689196<br>Des Moines, IA 50368-9196 | 9/29/06 | $1,879.42 | $220,130.41 |
| First Horizon Home Loans<br>P.O. Box 809<br>Memphis, TN 38101-0809 | 9/29/06 | $2,705.27 | $315,000.00 |
| Option One Mortgage<br>P.O. Box 44042<br>Jacksonville, FL 32231-4042 | 9/29/06 | $6,443.08 | $407,316.66 |
| Option One Mortgage<br>3 Ada<br>Irvine, CA 92618 | October 11, 2006 | $3,221.54 | $0.00 |
| Greenpoint Mortgage Funding<br>P.o. Box 84013<br>Columbus, GA 31908-4013 | September 29, 2006 | $4,903.18 | $0.00 |

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| Christopher B. Pemental | Approx. $2,5000 erroneously pd. 4/07 to Debtor, rather than LLC entities for return of unearned premium on ins. on foreclosed properties. Also Debtor has periodically funded negative cash flow from LLC properties. Also, Debtor funded certain negative escrow amounts and paid certain bills on properties including from tax refund amounts. | $0.00 | $0.00 |

None
■    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
☐    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Navigant Credit Union vs. Christopher B. Pemental | Complaint | State of Rhode Island Sixth Division District Court | Pending. |

None
■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5.  Repossessions, foreclosures and returns

None
☐    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Option One Mortgage c/o Harmon Law Offices, P.C. 150 California Street Newton, MA 02458 | November 2, 2006 | Property owed by West Bay Restoration Foundation, LLC 138-140 Waite Avenue, Cranston, RI Obligation secured by Debtor |

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Saxon Mortgage Services, Inc.<br>c/o Nicholas Barrett, Esq.<br>999 South Broadway<br>East Providence, RI 02914 | October 26, 2006 | 84-86 Washburn Avenue, East Providence<br>Property in the name of Barrington<br>Restoration Foundation, LLC<br>Obligation secured by Debtor |
| Credit Union Central Falls<br>1006 Douglas Pike<br>Smithfield, RI 02917 | July 26, 2006 | 2002 Mercedes Benz - Sold on 9/21/06<br>for $17,500.00 |
| Credit Union Central Falls | July 2006 | 2000 Chrysler Repossessed. Sold and<br>deficiency resulted. |
| Americas Servicing Co<br>7485 New Horizon Way<br>Frederick, MD 21703 | January 16, 2007 | Property owned by Barrington<br>Foundation, LLC<br>311 Maple Avenue, Barrington, RI<br>Obligation secured by Debtor |
| Americas Servicing Co<br>7485 New Horizon Way<br>Frederick, MD 21703 | November 21, 2006 | Property owned by Barrington<br>Historical Foundation, LLC<br>241 Maple Avenue, Barrington, RI<br>Obligation secured by Debtor |
| Americas Servicing Co<br>7485 New Horizon Way<br>Frederick, MD 21703 | November 24, 2006 | Property owned by Barrington<br>Organization LLC<br>243 Maple Avenue, Barrington, RI<br>Obligation secured by Debtor |
| Option One Mortgage<br>P.O. Box 44042<br>Jacksonville, FL 32231-4042 | December 1, 2006 | Property owened by R.I. Restoration<br>Foundation, LLC<br>25 Zella Street, Providence, RI<br>Obligation secured by Debtor |

Additional foreclosures also in
progress

**6. Assignments and receiverships**

None  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of
■  this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately
■  preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary
■  and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions
aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by
either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

5

**8. Losses**

None
■   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| See Rule 2016(b) Statement | | |

**10. Other transfers**

None
☐   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| John Pemental 13 Verdi Lane Bristol, RI 02809    Father | Fall 2005 | 1949 Lincoln sold to Father for $29,000, amount (approx.) debtor had paid for it in Summer of 2005. Also, other vehicles sold to Father for approximate fair value. |
| John Pemental 13 Verdi Lane Bristol, RI 02809    Father | Summer 2005 | 1959 Corvette sold to Father for $25,000. |

None
■   b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None
☐   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Bank of America | | June 2006 |

Software Copyright (c) 1996-2007 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

6

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Columbus Credit Union | Checking Account $500.00 | June 18, 2007 |

### 12.  Safe deposit boxes

None
■
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13.  Setoffs

None
■
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14.  Property held for another person

None
☐
List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| John Pemental 13 Verdi Lane Bristol, RI 02809 | Certain items of personal property owned by Father are being stored by Debtor. | Debtor's Residence |

### 15.  Prior address of debtor

None
■
If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

### 16.  Spouses and Former Spouses

None
■
If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

7

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
■    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or

8

owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
☐
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Michael J. Hill, CPA, Inc.<br>6 Blackstone Valley Place<br>Suite 401<br>Lincoln, RI 02865 | 2003 to present |

None
■
b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
■
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None
■
d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

### 20. Inventories

None
■
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None
■
b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY<br>RECORDS |
|---|---|

### 21 . Current Partners, Officers, Directors and Shareholders

None
■
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
■
b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE<br>OF STOCK OWNERSHIP |
|---|---|---|

9

**22 . Former partners, officers, directors and shareholders**

None
■
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None
■
b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None
■
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|----------------------------|--------------------------------------|

**25. Pension Funds.**

None
■
If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|----------------------|--------------------------------------|

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  June 18, 2007                                         Signature   /s/ Christopher B Pemental
                                                                         Christopher B Pemental
                                                                         Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Form 8
(10/05)

# United States Bankruptcy Court
### District of Rhode Island

In re   Christopher B Pemental

Debtor(s)

Case No.

Chapter    7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

■   I have filed a schedule of assets and liabilities which includes debts secured by property of the estate.

☐   I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

☐   I intend to do the following with respect to property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| -NONE- | | | | | |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| -NONE- | | |

Date   June 18, 2007

Signature   /s/ Christopher B Pemental

Christopher B Pemental
Debtor

**United States Bankruptcy Court**
**District of Rhode Island**

In Re:   **Christopher B. Pemental**

**Debtor**

Case No. _____
Chapter _____7___

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR THE DEBTOR(S)

1.      Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

>           For legal services, I have agreed to charge for our services on an hourly rate basis, not on a flat or fixed fee. Because of this, the final amount that will be charged and paid for our work in the Chapter 7 case is presently unknown.

>           Within a year of the filing of this statement, I have received various payments from one or more limited liability companies, whose membership interests are held by the Debtor, from which the required $299.00 Court filing fee has been paid.

2.      The source of the compensation paid to me, to the best of my knowledge, was:
- ☐      Debtor(s)
- ☑      Other (specify):  Paid by various LLC entities of which the Debtor is a member.

3.      The source of compensation to be paid to me, to the best of my knowledge, is:
- ☐      Debtor(s)
- ☑      Other (specify):  Paid by various LLC entities of which the Debtor is a member.

NOTE:  The Debtor holds or formerly held interests in 14 limited liability companies, each of which owned one income-producing property. The overwhelming majority of time, fees and expenses in this case were attributable to the Debtor's ownership of interests in such entities holding these income-producing properties, several of which have been foreclosed upon.  The total paid to this firm for working with the Debtor and such entities within one year of the bankruptcy filing was $17,900.00.

4.      I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

5.      In return for the above-disclosed fee, I have agreed to render legal service for the following aspects of the bankruptcy case:
   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor(s) in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of the petition, schedules, statement of affairs and plan, which may be required;
   c.  Representation of the debtor(s) at the meeting of creditors, and any adjourned hearing thereof;
   d.  Negotiations with secured creditors and preparation and filing of reaffirmation agreements as needed, and preparation and filing of uncontested motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens.

6.      By agreement with the debtor(s),the above-disclosed fee and fee agreement at present <u>does not include</u> the following services:
      **Representation of the debtors in any objection to discharge, non-dischargeability  actions, contested judicial lien avoidances,  contested relief from stay actions or any other contested matters or adversary proceeding(s).**

## <u>CERTIFICATION</u>

      I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy case.

Date:    June 18, 2007

/s/ Matthew J. McGowan_____
**Matthew J. McGowan, Esquire**
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street
Providence, RI 02903
(401) 274-0300
(401) 453-0073 Fax
Bar No. 2770

UNITED STATES BANKRUPTCY COURT
**DISTRICT OF RHODE ISLAND**

**NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
OF THE BANKRUPTCY CODE**

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)**

1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2.  Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

B 201 (04/09/06)

## Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| Matthew J. McGowan 2770 | X /s/ Matthew J. McGowan        June 18, 2007 |
|---|---|
| Printed Name of Attorney | Signature of Attorney        Date |

Address:
321 South Main Street
Suite 301
Providence, RI 02903
(401) 274-0300

### Certificate of Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| Christopher B Pemental | X /s/ Christopher B Pemental        June 18, 2007 |
|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor        Date |

| Case No. (if known) _____ | X _____ |
|---|---|
| | Signature of Joint Debtor (if any)        Date |

# United States Bankruptcy Court
## District of Rhode Island

In re    Christopher B Pemental                  Case No. _____
                                     Debtor(s)      Chapter    7

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:    June 18, 2007                   /s/ Christopher B Pemental
                                        Christopher B Pemental
                                        Signature of Debtor

Alexander Nicoll
Jacob Silberstein
77 Bay View Avenue
Bristol RI 02809

Americas Servicing Co
7485 New Horizon Way
Frederick MD 21703

ASC
P.O. Box 10388
Des Moines IA 50306-0388

Atlantis Landscaping Inc.
P.O. Box 7861
Warwick RI 02887

Bank of America
P.O. Box 15726
Wilmington DE 19886-5726

Bank of America
P.O. Box 15102
Wilmington DE 19886-5102

Bristol County Water Authority
450 Child Street
P.O. Box 447
Warren RI 02885-0447

Chase
Cardmember Service
P.o. Box 15153
Wilmington DE 19886-5153

Chi Kio Chan
14 Union Street
Warren RI 02885

Christine Leonard
66 -68 County Road
Barrington RI 02806

Citimortgage  Inc.
P.O. Box 689196
Des Moines IA 50368-9196

City of East Providence
145 Taunton Avenue
East Providence RI 02914-4505

City of Providence
Tax Collector
P.o. Box 203
Providence RI 02901-0203

Countrywide
450 American St
Simi Valley CA 93065

Cox Communications  Inc.
P.O. Box 39
Newark NJ 07101-0039

Credit Union Central Falls
1005 Douglas Pike
Smithfield RI 02917

Criterium Angilly Engineers
P.O. Box 1755
East Greenwich RI 02818

D.A. Tillery
Kristen Scott-Tillery
84-86 Washburn Avenue
East Providence RI 02914

David R. Petrarca Jr.
193 Sowams Road
3rd Floor
Barrington RI 02806

David S. Slepkow  Esq.
Slepkow Slepkow  Assoc.
1481 Wampanoag Trail
Riverside RI 02915-1071

David Seddon
100 Greenwood Avenue
Rumford RI 02916

Diamond Star Realty   Property
   Management  inc.
1062 Reservoir Avenue
Cranston RI 02910

East Providence Fire   Rescue
c o Rossi Law Offices Ltd.
P.O. Box 17339
Smithfield RI 02917-0704

EMC Mortgage
P.O. Box 141358
Irving TX 75014

EMC Mortgage Corporation
P.O. Box 660530
Dallas TX 75266-0530

```
First Horizon Home Loan
4000 Horizon Way
Irving TX 75063

GE Money Bank
P.O. Box 981064
El Paso TX 79998-1064

Green Point Mortgage
P.O. Box 84013
Columbus GA 31908-4013

Green Point Savings
4160 Main Street
Flushing NY 11355

Griggs   Browne
175 Niantic Avenue
Providence RI 02907-3189

Hilary A. Wyche  Esq.
Harmon Law Offices  P.C.
150 California Street
Newton Highlands MA 02461-0389

James and Deborah Higgins
17-19 Stanley Avenu
Barrington RI 02806

Jim Swindells
25 Zella Street
1st Floor
Providence RI 02909

John Frenchy
311 Maple Avenue
2nd Fl.
Barrington RI 02806

John Pemental
13 Verdi Lane
Bristol RI 02809

John Pemental
c o Charles A. Pisaturo  Esq.
1055 Elmwood Avenue
Providence RI 02907

Kate Mele
17-19 Stanley Avenue
Barrington RI 02806
```

Kevin Silva
Nicholas Macedonio
241 Maple Avenue  2nd Floor
Barrington RI 02806

Kitchens Direct  Inc.
684 Willett Avenue
Riverside RI 02915

Kristen  Michael McMillen
66-68 County Road
Barrington RI 02806

Laura Trecka
75 Charles Street
2nd Floor
Bristol RI 02809

Lauren Huff
Charles Bullen
14-16 Union Street
Warren RI 02885

Lowes mbga
P.O. Box 530914
Atlanta GA 30353-0914

Lynch Beretta Bucci
355 Main Street
Pawtucket RI 02860

Mark Menzies
Ryan Berrigan
138-140 Waite Avenue  2nd Fl.
Cranston RI 02920

Michael Malafonte
LM Lawncare
20 Callander Avenue
East Providence RI 02914

Monogram Bank N America
MBNA America
P.O. Box 15102
Wilmington DE 19886-5102

Monogram Bank of America
P.O. Box 17054
Wilmington DE 19884

Mr. and Mrs. Arnold Lundy
193 Sowams Road
Barrington RI 02806

Mr. James McQueeney
14-16 Union Street
Warren RI

Narragansett Electric
c o Solomon and Solomon PC
Columbia Circle  Box 15019
Albany NY 12212-5019

National Grid
P.O. Box 1048
Woburn MA 01807-1048

National Grid
P.O. Box 0049
Woburn MA 01807-0049

Navigant Credit Union
c o Nicholas Barrett  Assoc.
999 South Broadway
East Providence RI 02914

NEBS
500 Main Street
Groton MA 01471

NEBS
P.O. Box 88042
Chicago IL 60680-1042

New England Gas Company
P.o. Box 17528
Baltimore MD 21297-1528

New England Gas Company
c o Stevens Business Service
92 Bolt Street  Suite 1
Lowell MA 01853-1233

Option One Mortgage
3 Ada Way
Irvine CA 92618

Option One Mortgage Co
P.O. Box 44042
Jacksonville FL 32231-4042

Paul Charpentier
25 Zella Street
1st Floor
Providence RI 02909

Paypal Buyer Credit
P.O. Box 960080
Orlando FL 32896-0080

PayPal Buyer Credit
GE Money Bank
P.O. Box 960080
Orlando FL 32896-0080

Providence Water
P.O. Box 1456
Providence RI 02901-1456

R.I. Division of Taxation
Bankruptcy Unit
One Capitol Hill
Providence RI 02908

Reason
P.O. Box 526
Mount Morris IL 61054

Rebecca M. Robinson
16 Union Street
2nd Floor
Warren RI 02885

Rhode Island Hospital
593 Eddy Street
Providence RI 02903

Robin Stone
Melanie Snow
75 Charles Street  1st Fl.
Bristol RI 02809

Sara Pernice
Jennifer Dill
79 Bay View Avenue
Bristol RI 02809

Sarah Bitler
Alexander Ruggeri
77 Bay View Avenue
Bristol RI 02809

Saxon Mortgage Service
P.O. Box 96115
Fort Worth TX 76161-0105

Saxon Mortgage Service
P.O. Box 961105
Fort Worth TX 76161-0105

Saxon Mortgage Services  Inc.
P.O. Box 161489
Fort Worth TX 76161-1489

Scientific American
P.O. Box 3186
Harlan IA 51593-0377

Slepkow   Slepkow Assoc Inc.
1481 Wampanoag Trail
Riverside RI 02915-1071

Sovereign Bank
P.O. Box 12646
Reading PA 19612

Stephen Brown
Paul Drukker
243 Maple Avenue  1st Floor
Barrington RI 02806

Tammy McCrohan
14-16 Union Street
Warren RI 02885

The Providence Journal Company
P.O. Box 81036
Woburn MA 01813-1036

The Providence Journal Company
c o Allen Daniel Associates
P.O. Box 541614
Waltham MA 02454-1614

The Providence Mutual Fire Ins
P.O. Box 6066
Providence RI  02940-6066

Town of Barrington
283 County Road
Barrington RI 02806

Town of Barrington
Minimum Housing Inspector
Barrington RI 02806

Tuire Valkeakari
25 Zella Street
2nd Floor
Providence RI 02909

Tuire Valkeakari
c o Blais Cunningham  Crowe
150 Main Street
Pawtucket RI 02862

U.S. Dept Of Education
501 Bleecker St
Utica NY 13501

Verizon
P.O. Box 1
Worcester MA 01654-0001

Verizon Wireless
P.O. Box 15023
Worcester MA 01615-0023

Wilshire Credit Corp.
P.O. Box 7195
Pasadena CA 91109-7195

Wilshire Credit Corporation
P.O. Box 8517
Portland OR 97207-8517

Woods Heating Service
c o Robert R. Nocera  Esq.
225 East Avenue
Pawtucket RI 02860

Yan Cheng
Dong Ling Chen
243 Maple Avenue  1st Fl.
Barrington RI 02806

Official Form 22A (Chapter 7) (04/07)

In re  Christopher B Pemental
_____
              Debtor(s)

Case Number: _____
                  (If known)

| According to the calculations required by this statement: |
| --- |
| ☐  The presumption arises. |
| ■  The presumption does not arise. |
| (Check the box as directed in Parts I, III, and VI of this statement.) |

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual Chapter 7 debtor, whether or not filing jointly, whose debts are primarily consumer debts.  Joint debtors may complete one statement only.

## Part I. EXCLUSION FOR DISABLED VETERANS

| 1 | If you are a disabled veteran described in the Veteran's Declaration in this Part I, (1) check the box at the beginning of the Veteran's Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐  Veteran's Declaration. By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| --- | --- |

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| 2 | Marital/filing status. Check the box that applies and complete the balance of this part of this statement as directed.<br><br>a.  ■  Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.<br><br>b.  ☐  Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." Complete only column A ("Debtor's Income") for Lines 3-11.<br><br>c.  ☐  Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.<br><br>d.  ☐  Married, filing jointly. Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11. |
| --- | --- |

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | Column A<br><br>Debtor's Income | Column B<br><br>Spouse's Income |
| --- | --- | --- | --- |
| 3 | Gross wages, salary, tips, bonuses, overtime, commissions. | $   7,960.33 | $ |

| 4 | Income from the operation of a business, profession or farm. Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4.  Do not enter a number less than zero. Do not include any part of the business expenses entered on Line b as a deduction in Part V. | | |
| --- | --- | --- | --- |

| | | Debtor | Spouse |
| --- | --- | --- | --- |
| a. | Gross receipts | $           0.00 | $ |
| b. | Ordinary and necessary business expenses | $           0.00 | $ |
| c. | Business income | Subtract Line b from Line a | |

| | | $           0.00 | $ |
| --- | --- | --- |

| 5 | Rents and other real property income.  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5.  Do not enter a number less than zero.  Do not include any part of the operating expenses entered on Line b as a deduction in Part V. | | |
| --- | --- | --- | --- |

| | | Debtor | Spouse |
| --- | --- | --- | --- |
| a. | Gross receipts | $      16,086.66 | $ |
| b. | Ordinary and necessary operating expenses | $       6,958.79 | $ |
| c. | Rent and other real property income | Subtract Line b from Line a | |

| | | $   9,127.87 | $ |
| --- | --- | --- |

| 6 | Interest, dividends, and royalties. | $           0.00 | $ |
| --- | --- | --- | --- |
| 7 | Pension and retirement income. | $           0.00 | $ |
| 8 | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child or spousal support. Do not include amounts paid by the debtor's spouse if Column B is completed. | $           0.00 | $ |

Official Form 22A (Chapter 7) (04/07) - Cont.                                                                                           2

| 9 | Unemployment compensation. Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: | | | | |
| | Unemployment compensation claimed to be a benefit under the Social Security Act | Debtor $ 0.00 | Spouse | $ 0.00 | $ |
| 10 | Income from all other sources. If necessary, list additional sources on a separate page. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. Specify source and amount. | | | | |
| | | | Debtor | Spouse | |
| | a. | | $ | $ | |
| | b. | | $ | $ | |
| | Total and enter on Line 10 | | | $ 0.00 | $ |
| 11 | Subtotal of Current Monthly Income for § 707(b)(7). Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | | | $ 17,088.20 | $ |
| 12 | Total Current Monthly Income for § 707(b)(7). If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | | | $ | 17,088.20 |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | Annualized Current Monthly Income for § 707(b)(7). Multiply the amount from Line 12 by the number 12 and enter the result. | $ 205,058.40 |
| 14 | Applicable median family income. Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |
| | a. Enter debtor's state of residence:  RI     b. Enter debtor's household size:  1 | $ 43,805.00 |
| 15 | Application of Section 707(b)(7). Check the applicable box and proceed as directed. | |
| | ☐  The amount on Line 13 is less than or equal to the amount on Line 14. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII. | |
| | ☑  The amount on Line 13 is more than the amount on Line 14. Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)**

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | Enter the amount from Line 12. | $ 17,088.20 |
| 17 | Marital adjustment. If you checked the box at Line 2.c, enter the amount of the income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. If you did not check box at Line 2.c, enter zero. | $ 0.00 |
| 18 | Current monthly income for § 707(b)(2). Subtract Line 17 from Line 16 and enter the result. | $ 17,088.20 |

## Part V. CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19 | National Standards: food, clothing, household supplies, personal care, and miscellaneous. Enter "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 916.00 |
| 20A | Local Standards: housing and utilities; non-mortgage expenses. Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 476.00 |

Official Form 22A (Chapter 7) (04/07) - Cont.                                                                                      3

| | | |
|---|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B.  Do not enter an amount less than zero. | |

| | | |
|---|---|---|
| a. | IRS Housing and Utilities Standards: mortgage/rental expense | $                1,021.00 |
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $              17,421.68 |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. |

$          0.00

| | | |
|---|---|---|
| 21 | **Local Standards: housing and utilities; adjustment.**  If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below:<br><br>_____ | $          0.00 |

| | |
|---|---|
| 22 | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0   ■  1   ☐  2 or more.<br><br>Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) |

$        311.00

| | |
|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>■  1   ☐  2 or more.<br><br>Enter, in Line a below,  the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court): enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23.  Do not enter an amount less than zero. |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs, First Car | $                  471.00 |
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $                      0.00 |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. |

$        471.00

| | |
|---|---|
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the amount of the IRS Transportation Standards, Ownership Costs, Second Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court): enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24.  Do not enter an amount less than zero. |

| | | |
|---|---|---|
| a. | IRS Transportation Standards, Ownership Costs, Second Car | $                      0.00 |
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $                      0.00 |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. |

$          0.00

| | | |
|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. Do not include real estate or sales taxes. | $       3,089.15 |

| | | |
|---|---|---|
| 26 | **Other Necessary Expenses: mandatory payroll deductions.** Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs.  Do not include discretionary amounts, such as non-mandatory 401(k) contributions. | $          0.00 |

| | | |
|---|---|---|
| 27 | **Other Necessary Expenses: life insurance.**  Enter average monthly premiums that you actually pay for term life insurance for yourself.  Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance. | $          3.46 |

Official Form 22A (Chapter 7) (04/07) - Cont.                                                                                                                                  4

| | | |
|---|---|---|
| 28 | Other Necessary Expenses: court-ordered payments.  Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments.  Do not include payments on past due support obligations included in Line 44. | $         0.00 |
| 29 | Other Necessary Expenses: education for employment or for a physically or mentally challenged child.  Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $         0.00 |
| 30 | Other Necessary Expenses: childcare.  Enter the average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. Do not include other educational payments. | $         0.00 |
| 31 | Other Necessary Expenses: health care.  Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account.  Do not include payments for health insurance or health savings accounts listed in Line 34. | $        20.00 |
| 32 | Other Necessary Expenses: telecommunication services. Enter the average monthly amount that you actually pay for telecommunication services other than your basic home telephone service - such as cell phones, pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. Do not include any amount previously deducted. | $       350.00 |
| 33 | Total Expenses Allowed under IRS Standards.  Enter the total of Lines 19 through 32. | $     5,636.61 |

| | |
|---|---|
| | **Subpart B: Additional Expense Deductions under § 707(b)** |
| | **Note: Do not include any expenses that you have listed in Lines 19-32** |

| | | | |
|---|---|---|---|
| 34 | Health Insurance, Disability Insurance, and Health Savings Account Expenses.  List and total the average monthly amounts that you actually pay for yourself, your spouse, or your dependents in the following categories. | | |
| | a. | Health Insurance | $         106.08 |
| | b. | Disability Insurance | $           0.00 |
| | c. | Health Savings Account | $           0.00 |
| | | Total:  Add Lines a, b and c | $       106.08 |
| 35 | Continued contributions to the care of household or family members.  Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | | $         0.00 |
| 36 | Protection against family violence. Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | | $         0.00 |
| 37 | Home energy costs.  Enter the average monthly amount, in excess of the allowance in the IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs.  You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary. | | $         0.00 |
| 38 | Education expenses for dependent children less than 18.  Enter the average monthly expenses that you actually incur, not to exceed $137.50 per child, in providing elementary and secondary education for your dependent children less than 18 years of age. You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards. | | $         0.00 |
| 39 | Additional food and clothing expense. Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not to exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary. | | $        35.00 |
| 40 | Continued charitable contributions. Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | | $         0.00 |
| 41 | Total Additional Expense Deductions under § 707(b). Enter the total of Lines 34 through 40 | | $       141.08 |

Official Form 22A (Chapter 7) (04/07) - Cont.                                                                                              5

| Subpart C: Deductions for Debt Payment | | | |
|---|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page. | | |

| | Name of Creditor | Property Securing the Debt | 60-month Average Payment |
|---|---|---|---|
| a. | Americas Servicing Co | East Bay Restoration Foundation, LLC 14-16 Union Street Warren, RI | $           3,601.74 |
| b. | Citimortgage, Inc. | Barrington Preservation Foundation 75 Charles Street Bristol, RI | $           2,280.48 |
| c. | Countrywide | Barrington Preservation Foundation, LLC 17-19 Stanley Avenue Barrington, RI  02806 | $              98.23 |
| d. | First Horizon Home Loan | Barrington Preservation Foundation, LLC 17-19 Stanley Avenue Barrington, RI | $           2,273.75 |
| e. | First Horizon Home Loan | Barrington Historical Society, LLC 68-68 Country Road Barrington, RI | $           1,859.38 |
| f. | Green Point Savings | Barrington Society, LLC | $             441.66 |
| g. | Green Point Savings | Barrington Society, LLC Property at 193 Sowams Rd., Barrington, RI | $           3,245.84 |
| h. | Option One Mortgage | 77-79 Bay View Avenue, Bristol | $           3,221.54 |
| i. | Wilshire Credit Corp. | Barrington Preservation Foundation, LLC 75 Charles Street Bristol, RI | $             399.06 |
| | | **Total: Add Lines** | $    17,421.68 |

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | |
|---|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | -NONE- | | $ |
| | | **Total: Add Lines** | $              0.00 |

| 44 | **Payments on priority claims.** Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | $              0.00 |
|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | |
|---|---|---|---|
| | a. | Projected average monthly Chapter 13 plan payment. | $              0.00 |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x           9.00 |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $              0.00 |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $    17,421.68 |
|---|---|---|

| Subpart D: Total Deductions Allowed under § 707(b)(2) | |
|---|---|

| 47 | Total of all deductions allowed under § 707(b)(2). Enter the total of Lines 33, 41, and 46. | $    23,199.37 |
|---|---|---|

Official Form 22A (Chapter 7) (04/07) - Cont.                                                                 6

| | Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION | |
|---|---|---|
| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | $    17,088.20 |
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | $    23,199.37 |
| 50 | Monthly disposable income under § 707(b)(2). Subtract Line 49 from Line 48 and enter the result. | $    -6,111.17 |
| 51 | 60-month disposable income under § 707(b)(2). Multiply the amount in Line 50 by the number 60 and enter the result. | $   -366,670.20 |

Official Form 22A (Chapter 7) (04/07) - Cont.                                                                                                    7

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed. <br><br> ■    The amount on Line 51 is less than $6,575. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. <br><br> ☐    The amount set forth on Line 51 is more than $10,950 Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI. <br><br> ☐    The amount on Line 51 is at least $6,575, but not more than $10,950. Complete the remainder of Part VI (Lines 53 through 55). | |
|---|---|---|
| 53 | Enter the amount of your total non-priority unsecured debt | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed. <br><br> ☐    The amount on Line 51 is less than the amount on Line 54. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. <br><br> ☐    The amount on Line 51 is equal to or greater than the amount on Line 54. Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. | |

### Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total:  Add Lines a, b, c, and d | $ |

### Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)* <br><br> Date:  <u>June 18, 2007</u>                   Signature:  <u>/s/ Christopher B Pemental</u> <br><br>                                   Christopher B Pemental <br>                                        (Debtor) |
|---|---|